**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CHERYL E. VANCE,          )  | |
|     Plaintiff,          ) | |
| vs.          ) | No. 3:14-CV-4278-B-BH |
|          ) | |
| PATRICK R. DONAHOE ,          ) | |
| Postmaster General,          ) | |
|     Defendant.          ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening. Before the Court is the plaintiff's third *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed January 12, 2015 (doc. 11). Based on the filing of a third application, the plaintiff's second *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed December 12, 2014 (doc. 7), is **DEEMED MOOT**. Based on the relevant filings and applicable law, the third application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On December 4, 2014, the plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 1, 3.) By order dated December 5, 2014, the Court found that the application reflected enough assets with which to pay the $400 filing fee, and it gave the plaintiff fourteen days to pay it. (*See* doc. 6.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.*

On December 12, 2014, the plaintiff submitted an amended application to proceed IFP. (*See* doc. 7.) By order dated December 15, 2014, the Court again found that the application reflected

enough assets with which to pay the filing fee, and it gave the plaintiff another fourteen days to pay it. (*See* doc. 6.) The order also again specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. (*Id.*) By correspondence filed December 19, 2014, the plaintiff sought reconsideration of the order for her to pay the filing fee. (*See* doc. 9.) By order dated January 5, 2015, the motion for reconsideration was denied, and plaintiff was given another fourteen days to pay it. (*See* doc. 10.) The plaintiff filed her third application to proceed IFP on January 12, 2015. (*See* doc. 11.) As of this date, she has still not paid the fee.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The plaintiff's third application includes income and asset information for her and her spouse. The third application increases the amount of monthly expenses, without explanation, by $777.00. It also now adds an adult nephew as a dependent, without explanation. Her spouse, however, is still expected to continue to receive a total of $3,300 monthly. (doc . 11, 1-2.)

In assessing a plaintiff's financial ability, courts may consider the total monetary resources available to the plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep.

2

25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and $700 in a bank account); *Mann v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D. Mo. Sept. 2, 1992) (considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition)*; Monti v. McKeon,* 600 F. Supp. 112, 114 (D. Conn. 1984) (request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F. Supp. 120, 1202 (D.P.R. 1982) (court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F. Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . ."). Although the plaintiff states that she anticipates separating from her husband, her third application reflects no separation, ownership of a home, and discretionary spending.

Although the plaintiff now claims average monthly household expenses of $3,162 per month with a second adult dependent, this information is inconsistent with her prior sworn application. Her application still reflects some monthly income in excess of her expenses in addition to new discretionary expenses. Based on the information in the third application, in comparison to the information in her second application, the Court finds that the third application still reflects sufficient monetary resources available to pay the filing and administrative fees.[1]

---

[1] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  By order dated January 5, 2015, the plaintiff was given fourteen days to pay the filing fee.  She was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed.  Because she failed to comply with an order that she pay the filing fee because she had sufficient assets with which to do so, her case should be dismissed.

### IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 4th day of February, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5